UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMMEX CORPORATION,<br><br>              Movant,<br><br>v.<br><br>BUSINESS FACTS DISTRIBUTION LLC,<br><br>              Respondent. | Case No.<br><br>*Related to Civil Action No.*<br>*2:23-cv-01411-JHC (W.D. Wash.)*<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO <u>BUSINESS FACTS DISTRIBUTION LLC</u>** |

**I.     INTRODUCTION**

Movant AMMEX Corporation ("AMMEX") markets and sells high-quality disposable gloves, including products under the AMMEX®, AMMEX® PROFESSIONAL, GLOVEWORKS®, X3®, and GLOVEPLUS® brand names. To protect the quality of its products, the satisfaction of its consumers, and the value of its trademarks, AMMEX allows only those expressly authorized ("Authorized Sellers") to sell products to end-user consumers in the United States. AMMEX contracts with its Authorized Sellers and requires them to follow robust quality control and customer service requirements. These contracts also forbid Authorized Sellers from selling AMMEX products to resellers that AMMEX has not authorized and who do not follow AMMEX's quality control requirements ("Unauthorized Resellers"). When AMMEX's Authorized Sellers sell products to Unauthorized Resellers, they are in blatant breach of their contracts and AMMEX is able to obtain legal redress only by suing the Authorized Sellers for breach of contract.

Business Facts Distribution LLC ("Business Facts" or "Respondent") is an Unauthorized Reseller of AMMEX products and is profiting off of Authorized Sellers' breaches of contract.

Business Facts purchases AMMEX products from AMMEX's Authorized Sellers and then resells those products on Amazon.com ("Amazon") to end-user consumers through its online Amazon storefront, "The Midwestern Shop" (the "Amazon Storefront"). In the process, AMMEX loses control of its ability to ensure the quality of its products. In order to discover the identity of the breaching Authorized Sellers who have sold to Business Facts, among others, AMMEX filed a "John Doe" lawsuit in the United States District Court for the Western District of Washington, in a case captioned *AMMEX Corporation v. John Does 1-10*, No. 2:23-cv-01411-JHC (W.D. Wash. filed Sept. 11, 2023) (the "John Doe Action").

The Washington court permitted AMMEX to issue several subpoenas to Unauthorized Resellers, including Business Facts, to learn the identity of its sources of AMMEX products, who AMMEX believes are the John Doe Authorized Sellers. Business Facts has failed to either comply with or object to the subpoena and AMMEX now moves to compel Business Facts' compliance with the subpoena.

The only way AMMEX can pursue its John Doe action is through enforcement of its subpoenas so it can identify the John Doe defendants and pursue its legitimate breach of contract claims against them. This information is in Business Facts' possession, and without it, AMMEX cannot seek complete legal redress against breaching John Doe defendants.

## II.     STATEMENT OF FACTS

### A.     Factual Background

Brand protection is crucial to AMMEX's business and AMMEX engages in extensive brand protection efforts. *See* Declaration of Martha Brewer Motley, Esq. in Support of Motion to Compel Compliance with Subpoena to Business Facts, filed herewith ("Motley Decl."), at ¶ 2, Ex. 1 (Complaint) ¶¶ 9-17. As part of these efforts, AMMEX only allows its products to be sold

by Authorized Sellers who all agree to the terms imposed by AMMEX ("AMMEX Contracts"). *Id.*, Ex. 1 ¶¶ 10-11. The AMMEX Contracts require Authorized Sellers to abide by certain requirements regarding quality control, branding, and customer service. *Id.*, Ex. 1 at ¶ 11. Furthermore, the AMMEX Contracts prohibit Authorized Sellers from selling AMMEX products to Unauthorized Resellers who have not agreed to the AMMEX Contracts, a practice known as "product diversion." *Id.*, Ex. 1 at ¶ 14. These terms of the AMMEX Contracts are binding on Authorized Sellers, who agree to follow the terms in consideration for the right to buy and resell AMMEX products in the approved manner. *Id.*, Ex. 1 at ¶¶ 11, 14-17. As a result, Authorized Sellers breach their AMMEX Contracts when they sell AMMEX products to Unauthorized Resellers. *Id.*, Ex. 1 at ¶ 28.

### B. AMMEX Discovers Unauthorized Sales of Its Products on Amazon

Through its brand protection enforcement efforts, AMMEX identified Business Facts selling AMMEX products through the Amazon Storefront. *See* Motley Decl. at ¶ 5, Ex. 2 (Motion for Leave to Serve Subpoenas) at 6-7. Business Facts is not an Authorized Seller and is not subject to the AMMEX Contracts. *See id.* Despite not being authorized to sell AMMEX products, Business Facts continues to sell a significant quantity of AMMEX products. *See id.* Given the sheer volume of AMMEX products being sold, Business Facts can realistically only be acquiring AMMEX products, directly or indirectly, through an Authorized Seller. *See id.* Because all Authorized Sellers must abide by the AMMEX Contracts, one or more Authorized Resellers necessarily breached their AMMEX Contracts by supplying Business Facts with AMMEX products. *Id.* at ¶ 2, Ex. 1 ¶¶ 11, 26-28. Through its own investigation, AMMEX has been able to identify some Authorized Sellers who breached their contracts by supplying AMMEX products to

Unauthorized Resellers, but it has not been able to identify all of the breaching Authorized Sellers, and none from which Business Facts is sourcing products. *Id.* at ¶ 4.

To determine the identities of the Authorized Sellers in breach of their contracts, AMMEX initiated the John Doe Action in the Western District of Washington against unknown Authorized Sellers who are diverting AMMEX products. *Id.*, at ¶ 2.

### C. Procedural Background of Underlying John Doe Action

In the John Doe Action, AMMEX moved the Washington Court to allow it to issue third-party subpoenas to Unauthorized Resellers in order to identify John Doe Defendants. Motley Decl. at ¶ 3. After an initial round of discovery, AMMEX was able to identify some of the John Doe Defendants, but it could not identify all of them. *Id.* at ¶ 4. Certain Unauthorized Resellers continued to sell significant quantities of AMMEX products, suggesting that they were sourcing their products from separate John Doe Defendants in breach of their contracts with AMMEX. *Id.* at ¶ 5. AMMEX then moved the court again to serve additional discovery on Unauthorized Resellers, including Business Facts, to identify the John Doe Defendants in breach of their contract. *Id.*, Ex. 2. Business Facts is not an Authorized Seller of AMMEX products and therefore not a John Doe Defendant. *Id.* at ¶ 5. The Washington court granted AMMEX's motion to serve additional discovery. *Id.* at ¶ 7, Ex. 3 (Order Granting Leave to Serve Subpoenas).

The subpoena included two requests, one for the contact information of Respondent's suppliers of AMMEX products and the other for records and other documents related to Respondent's purchases of AMMEX products. *Id.* at ¶ 6. Both of these requests are intended to discover the identity of the John Doe defendants so that AMMEX can amend its complaint, naming the proper defendants, or negotiate a resolution with the John Doe defendants. *Id.* AMMEX first attempted to serve the subpoena on July 12, 2024, at a residential address that, according to public

records, belonged to Business Facts' principal, Joseph Werzberger. The server spoke to a man who introduced himself as Samuel Werzberger and who claimed to have no knowledge of Joseph or Business Facts. *Id.* at ¶ 8, Ex. 4 (Affidavit of Non-service.) After further research, AMMEX determined that the property was in fact owned by Joseph Werzberger and that Samuel Werzberger was potentially an alias. *Id.* at ¶ 9. AMMEX then attempted to serve Business Facts again at the same address on July 30, 2024. This time, a Joseph Werzberger was home and accepted service on behalf of Business Facts. *Id.* at ¶ 10, Ex. 5 (Affidavit of Service.) The compliance deadline for the subpoena was August 16, 2024. *Id.* at ¶ 11.

Counsel for Business Facts then contacted AMMEX's counsel regarding the subpoena on August 2, 2024, and requested that the subpoena be held in abeyance for the next sixty days. *Id.* at ¶ 12. Notably, this request was not predicated upon any stated counsel scheduling conflict or Business Facts complying with the subpoena in that timeframe, and Business Facts did not lodge any objections with this request. *Id.* Such an abeyance would push the response time into October and run too close to the deadline set by the Washington court to name and serve John Doe Defendants. *Id.* at ¶ 13. Confused about the basis to delay the subpoena for sixty days, counsel for AMMEX asked for further clarification as to the reason for the requested abeyance. *Id.* Business Facts' counsel reiterated only that it sought the abeyance as a "professional courtesy" without explanation. *Id.* AMMEX declined the unexplained abeyance request and demanded that Business Facts produce the documents requested. *Id.* To date, counsel for Business Facts has not responded to the demand and has not complied with, or objected to, the subpoena. *Id.* at ¶ 14.

**III.    LAW AND ARGUMENT**

This Court should order Business Facts to comply with the subpoena. Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas and provides the sole remedy for a third party's noncompliance with a subpoena.

> **(g) Contempt.** The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g).

On July 30, 2024, Business Facts was served with AMMEX's subpoena by personal service on its principal, Joseph Werzberger. The subpoena ordered Business Facts to produce contact information and sales records relating to its purchases of AMMEX products. Although counsel for Business Facts contacted AMMEX's counsel, Business Facts did not object to the subpoena and, to date, has yet to comply with the subpoena's request.

Rule 45(g) empowers the Court to hold a third party that has failed to either object to or comply with a subpoena in contempt and order its compliance with that subpoena. *Pineboard Holdings, Inc. v. Elden Assocs.*, No. 13-MC-43 (KMW), 2013 U.S. Dist. LEXIS 113464, at *4 (S.D.N.Y. Aug. 12, 2013); *see also Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, No. 07 Civ. 3635, 2008 U.S. Dist. LEXIS 64146, at *4 (Aug. 13, 2008) (holding third party in contempt for failing to object to or attend a deposition and ordering its compliance).

A party seeking to show contempt "must establish 'that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Worms v. Rozhkov (In re Markus)*, 78 F.4th 554, 566 (2d Cir. 2023) (quoting *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995). An order is clear and unambiguous when it leaves "'no uncertainty

in the minds of those to whom it is addressed.'" *King*, 65 F.3d at 1058 (quoting *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988).

Applying this standard, this Court has previously held a party in contempt for failing to respond to a nearly identical subpoena that was issued by AMMEX in the same pending Washington John Doe Action. *See generally AMMEX Corp. v. NY Healthlife, LLC*, No. 24-MC-84 (KMK), 2024 U.S. Dist. LEXIS 111819 (S.D.N.Y. June 24, 2024) (adopting the magistrate judge's report and recommendation that Respondent be held in contempt for failing to comply with or object to AMMEX's subpoena seeking Respondent's source of AMMEX products and awarding fees incurred by AMMEX in securing Respondent's compliance). *See also MCI Telecomms. Corp. v. World Telecomms.*, 96 Civ. 0915 (BSJ), 1998 U.S. Dist. LEXIS 2092 (S.D.N.Y. Feb. 24, 1998).

Here, the Washington Court issued an order, granting AMMEX leave to serve the subpoena on Business Facts. The subpoena served, pursuant to the Washington court's order, was clear and unambiguous, commanding Business Facts to:

> 1. Please produce all documents and information containing Contact Information relating to Suppliers from whom You have purchased AMMEX Products.
>
> 2. Please produce sales records, invoices, account credits, or other documents related to AMMEX Products You have purchased.

Motley Decl. at ¶ 5, Ex. 2. By the plain text of these simple directions, there could be no realistic uncertainty as to what information Business Facts had to provide to comply with the court-ordered subpoena.

The proof of Business Facts' noncompliance is clear and convincing. Business Facts has not objected to or complied with the subpoena. Instead, Business Facts' counsel reached out to AMMEX's counsel requesting the subpoena be held in abeyance for sixty days. There was no reason given for this request or any indication that Business Facts intended to comply with the

subpoena at the conclusion of such abeyance. Accordingly, AMMEX did not consent to such an abeyance and instead demanded that Business Facts produce the documents requested. Apparently intending to take the abeyance anyway, counsel for Business Facts has ignored AMMEX's demand.

Rule 45 provides: "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection . . ." Fed. R. Civ. P. 45(d)(2)(B). A failure to serve written objections, absent "unusual circumstances" (none of which apply in this case), waives any objections to the subpoena. *See generally Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Business Facts did not object to AMMEX's subpoena and has now become unresponsive, requiring AMMEX to bring the current motion. Thus, Business Facts has waived any potential objection to the subpoena.

In light of the circumstances, it follows that Business Facts has not made a diligent attempt to comply with the subpoena in a reasonable manner and the Court should compel its compliance.

**IV.    Conclusion**

Business Facts has failed to comply with or object to the subpoena issued pursuant to the Washington court's order. Based on this unexcused failure to either comply or object, this Court should grant AMMEX's Motion to Compel Compliance with Subpoena to Business Facts Distribution LLC and award sanctions. Plaintiff AMMEX Corporation requests that the Court issue an Order:

1. to show cause why Business Facts Distribution LLC should not be held in contempt of court for its failure to object to or comply with the July 30, 2024 subpoena;

2. directing Business Facts Distribution LLC to immediately comply with the subpoena by producing the ordered documents;

3. Sanctioning Business Facts Distribution LLC for its non-compliance for an amount not less than the actual costs incurred by AMMEX Corporation in its efforts to secure Business Facts Distribution LLC's compliance with the subpoena; and

4. for such other and further relief as this Court may deem just and proper.

Date: New York, New York
September 3, 2024

                                                  Respectfully submitted,

                                                  *s/Barry M. Kazan*
                                                  Barry M. Kazan
                                                  Carli M. Aberle
                                                  600 Third Avenue, 25th Floor
                                                  New York, NY 10016
                                                  Telephone: (212) 696-4848
                                                  Email: kazan@mintzandgold.com
                                                               aberle@mintzandgold.com
                                              *Attorneys for Movant AMMEX Corporation*

Of Counsel:

Martha Brewer Motley (OH Bar No. 0083788)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5626
Email: mbmotley@vorys.com

Stephan P. Laboy (OH Bar No. 0103584)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6403
Email: splaboy@vorys.com

*Pro Hac Vice applications forthcoming*